# IN THE COURT OF APPEALS OF IOWA

No. 22-2065
Filed November 21, 2023

**JESSIE TEAH,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marion County, Martha L. Mertz, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Jessie Teah's application for postconviction relief (PCR) was dismissed by the district court because of Teah's failure to file the application within the three-year statute of limitations. Teah argues this court should apply equitable tolling to allow his PCR action to proceed. Because we determine that Teah failed to preserve the issue of equitable tolling, we affirm the district court's dismissal of Teah's PCR application.

## I. Background Facts and Prior Proceedings

Teah pled guilty to possession of marijuana with intent to deliver on July 27, 2019, a class D felony. The court entered judgment on August 15, 2019. Teah received a suspended five-year prison term and was placed on probation for five years. But in August 2020, Teah was arrested, resulting in the revocation of his probation and imposition of the original sentence.

On October 24, 2022, Teah filed a PCR application. The State moved to dismiss based on the untimeliness of the application, highlighting Teah's conviction date was beyond the three-year period contained in Iowa Code section 822.3 (2022). The district court granted the State's motion to dismiss. Teah now appeals.

## II. Analysis

Although his application was filed beyond the statute of limitations, Teah argues the doctrine of equitable tolling should be applied to save his PCR claim. Because we determine Teah failed to preserve error on his equitable tolling argument, we affirm the district court's dismissal of Teah's PCR application.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Teah did not raise the issue of equitable tolling with the district court. When he filed his application, the State moved for summary judgment based on the statute of limitations. Teah filed a resistance, and although his appellate brief contends that the resistance raised equitable tolling, an argument on equitable tolling is absent.

Teah's resistance to the State's motion to dismiss was "the statute of limitations does not apply because there is a ground of fact that could not have been raised within the applicable time period." This is not an equitable tolling argument.[1] Because Teah did not raise equitable tolling with the district court, we cannot address it now.[2] *See id.* And even if Teah had preserved an equitable tolling argument, "this court has frequently held that equitable tolling does not apply to section 822.3." *Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 (Iowa Ct. App. Jan. 9, 2020). Accordingly, we affirm.

**AFFIRMED.**

---

[1] Teah's brief states, "[t]his court should apply equitable tolling when an applicant has effectively shown (1) . . . he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in the way to prevent a timely filing."

[2] And if we were to reach the merits of Teah's argument, we conclude it would be unsuccessful. On March 31, 2022, Teah received a letter from his trial attorney setting forth conversations that may have occurred regarding the immigration consequences of a plea. Teah had four and one-half months after receiving this letter to file a PCR application, and he failed to do so. He did not diligently pursue his rights and was not prevented from filing based on any extraordinary circumstances.